IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN PATRICK YEZZI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0537-KD-N |
| | ) | |
| HAWKER FINANCIAL CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on plaintiffs' Motion to Remand (doc. 8) for lack of subject matter jurisdiction and procedural defects in the removal; defendant Mann, Bracken, L.L.P.'s response in opposition (doc. 17) and defendant Palisades Acquisition XVI, L.L.C.'s response in opposition (doc. 19). This motion has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B).

Background

Mann Bracken, L.L.P., the successor by merger to defendant Wolpoff & Abramson, L.L.P., filed a Notice of Removal (doc. 1) on August 18, 2009, from the Circuit Court of Mobile County, Alabama, alleging that this court had subject matter jurisdiction on the basis of diversity of citizenship.[1] The removing defendant alleged in the Notice of Removal that Mann Bracken had not been served and that Wolpoff & Abramson had been improperly served with process;

---

[1] The action had previously been removed on that basis and was remanded for failure to demonstrate the citizenship of certain parties. Following jurisdictional discovery in the state court, the action was again removed.

additionally, the Notice recites that defendant Palisades Acquisition XVI, LLC had been served and consents to removal of the action, that defendants Marmer and Joy had not been served, and that defendant Hawker Financial had been served , but that its consent was not required because it was a defunct corporation and thus merely a nominal party.

Plaintiff filed the instant Motion to Remand (doc. 8) on September 9, 2009, asserting that the Notice of Removal was procedurally defective in that defendant Palisades Financial had not sufficiently joined in the removal and that defendant Hawker Financial was not a nominal party and thus that its joinder was also required.

The court has previously requested (doc. 11) briefing on the lack of formal joinder by defendant Palisades Acquisition XVI, LLC.  Defendants have responded.  (Docs. 17, 19) Based on the briefs of the parties and the record before the court, it is the Recommendation of the undersigned that the plaintiffs' Motion to Remand be GRANTED and that this action be REMANDED to the Circuit Court of Mobile County, Alabama.

## Discussion

Unless Congress expressly provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Because the right to remove is conferred by statute, it is strictly construed to limit federal jurisdiction. University of South Alabama v. American Tobacco Company, 168 F. 3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal

statutes strictly [and] all doubts about jurisdiction should be resolved in favor of remand to state court."); see Lane v. Champion International Corp., 827 F. Supp. 701, 705 (S.D. Ala. 1993). A removing defendant bears the burden of establishing the existence of federal jurisdiction. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."); University of South Alabama, 168 F.3d at 411 ("[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal.").

> Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). Beginning with the United States Supreme Court's decision in Chicago R.I. & Pac. Ry. Co., 178 U.S. at 248, 20 S.Ct. 854, 44 L.Ed. 1055, federal courts have universally required unanimity of consent in removal cases involving multiple defendants. There are several such bright line limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.

Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

The failure of all served defendants to join in the removal constitutes a procedural defect. *See* In Re Bethesda Memorial Hosp., Inc., 123 F.3d 1407, 1410 (11th Cir. 1997). The Eleventh Circuit has explained the unanimity requirement, in part, as follows:

> [T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court. Chicago, R.I. & P. Ry. Co., 178 U.S. at 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); In re Federal Sav. & Loan Ins. Corp., 837 F.2d at 434. Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction. *See* University of

South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999).

Russell Corp., 264 F.3d at 1049. Thus, the 'unanimity rule' provides that all defendants must consent to and join in a notice of removal in order for it to be effective. Id. at 1050[2].

The Fifth Circuit has addressed the need for a formal joinder by all removing defendants:

> [W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise there would be nothing on the record to "bind" the allegedly consenting defendant.

Getty Oil Corp. v. Insurance Co. of N.A., 841 F.2d 1254, 1262, n. 11 (5th Cir.1988) (emphasis added).

Based on that reasoning, this Court, as well as several other courts of this Circuit, have required all defendants to inform the Court of their joinder in the Notice of Removal in a manner that is 1) timely and 2) binding. *See* Leaming v. Liberty University, Inc., Not Reported in F.Supp.2d, 2007 WL 1589542 (S. D. Ala., 2007)("each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either

---

[2] Lack of unanimity in removal by defendants is deemed to be a procedural, rather than a jurisdictional, defect. *See* Hernandez v. Seminole County, Fla., 334 F.3d 1233, 1237 (11th Cir.2003)("The failure to join all defendants in the petition is a defect in the removal procedure."); In re Bethesda Memorial Hospital, 123 F.3d 1407, 1410 (11th Cir.1997) (same); Accordingly, unless the plaintiff raises the defect within 30 days following removal, the failure to satisfy this requirement is deemed waived as a basis for remand. *See* Gordon v. Acrocrete, Inc., 400 F.Supp.2d 1310, 1311, n. 1 (S.D.Ala.2005) (because failure to satisfy unanimity requirement is procedural and therefore nonjurisdictional, it can be waived if plaintiffs fail to raise it in a timely motion to remand). Defendant Mann Bracken, L.L.P. removed this action on August 18, 2009. Plaintiffs filed the motion to remand less than thirty days later, on September 9, 2009, raising the unanimity requirement *inter alia* as a defect in the removal.

orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).") (*quoting* Diebel v. S.B. Trucking Co., 262 F. Supp .2d 1319, 1328 (M.D.Fla.2003)); Jones ex rel. Bazerman v. Florida Department of Children & Family Services, 202 F.Supp.2d 1352, 1355 (S.D.Fla. 2002)(Mere assertion in the removal petition that all defendants consent to removal fails to satisfy the joinder requirement); Lampkin v. Media General, Inc., 302 F.Supp.2d. 1293, 1295 (M.D.Ala.2004) (citation omitted) (noting that "an official, affirmative, and unambiguous joinder or consent to ... [the] notice of removal" is required); Mitsui Lines Ltd. v. CSX Intermodal, Inc., 564 F.Supp.2d 1357, 1361 (S.D.Fla. 2008).

In this action, defendant Palisades Acquisition XVI, LLC, made no express joinder in the Removal. In its Notice of Removal (doc. 1), defendant Wolpoff & Abramson, LLP recite that Palisades consented to the Removal. However, under the authorities cited above, such a conclusory statement is insufficient to satisfy the unanimity requirement.

In their similarly-worded Responses (docs. 17 and 19), defendants cite a district court decision from the Northern District of California on the need for all defendants to join expressly in the Notice of Removal. *See* Simpson v. Union Pacific R. Co., 282 F.Supp.2d 1151 (N. D.Cal. 2003).[3] Defendants further argue that the Leaming decision from this District is satisfied by an

---

[3] In Simpson, as an exhibit in the notice of removal, defendant, Amtrak attached a copy of a letter he received from counsel for the co-defendant City of San Leandro wherein Cohen states that he is counsel for City of San Leandro in this action, that he discussed removal with counsel for Amtrak and with his clients, and that he and his clients consent to removal. 282 F. Supp 2d at  1153-54.  The court acknowledged that the Fifth Circuit "refused to recognize agreement based solely on the representations by one defendant in the notice of removal that all defendants consent" but held that "Cohen's letter-a signed, written document *filed with the court* as an attachment to the notice of removal-satisfies its requirements." Id. at 1154 citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262, n. 11 (5th Cir.1988) (emphasis added) Although the undersigned finds  Simpson to be in conflict with the law of this circuit on the issue, Simpson is easily distinguishable from the instant case since the intent to consent was

email from counsel for Palisades to counsel for Wolpoff & Abramson.[4]  The undersigned disagrees.  Contrary to defendants' argument, <u>Leaming</u> required *some* communication to the court, on the record, by each defendant.  <u>Leaming</u>, 2007 WL 1589542, at *3 ("consent 'must be expressed <u>to the court</u> within the thirty day period, whether by petition, written consent or oral consent.' "(emphasis added))(*quoting* <u>Clyde v. National Data Corp</u>., 609 F.Supp.216, 218 (N.D. Ga. 1985); <u>Leaming,</u> at *2 ("In short, the unanimity requirement provides that "each defendant must join in the removal by signing the notice of removal <u>or by explicitly stating for itself</u> its consent <u>on the record</u>, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).""  (emphais added))(*quoting* <u>Diebel v. S.B. Trucking Co.</u>, 262 F. Supp .2d 1319, 1328 (M.D.Fla.2003)).  "To be clear, the rule 'does not require that every defendant actually sign the same petition,' but consent 'must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent.' <u>Leaming</u> at *3, *quoting* <u>Clyde v. National Data Corp</u>., 609 F.Supp. 216, 218 (N.D.Ga.1985).  In the last analysis, <u>Leaming</u> *does not* support the rather novel idea that consent to removal need not even be made to the court, but is effective if merely communicated between counsel.[5]

---

timely filed with the court as an attachment to the removal petition.

   [4] The email is ambiguous, at best, stating simply that they have Palisades' consent without reference to what is consented to, but presuming that it does constitute the conclusion of a discussion between counsel about the removal of the case, it was nonetheless not 'of record' within the time for removal.

   [5] Defendants' argument misses the point; the court has not suggested that counsel for Walpoff & Abramson misrepresented the contents of its communication from Palisades or its own authority to make such representation to the court, merely that defendant Palisades did not appropriately communicate its joinder to the court.
   Defendants also cite <u>Russell Corp. v. American Home Assur. Co.</u>, 264 F.3d 1040 (11th Cir. 2001) for the proposition that the Eleventh Circuit has never addressed this issue. However, it does not appear that this issue was addressed in that case.  In <u>Russell</u>, the plaintiff filed suit in

In addition to the foregoing, the undersigned is guided in the analysis by the general proposition that courts are to construe removal statutes strictly.  *See* Beard v. Lehman Bros. Holdings, Inc., 458 F.Supp.2d 1314, 1317 -1318 (M.D. Ala., 2006).  In Beard the court explained that

> . . . "[a] court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty." . . .  Furthermore, "[f]ailure to comply with the requirements of the removal statute generally constitutes adequate grounds for remand." . . .  Where a plaintiff challenges the suitability of a defendant's removal petition, the burden of confirming that removal was proper falls upon the defendant. . . .
>
> "[Section] 1447(c) implicitly recognizes two bases upon which a district court may-and in one case must-order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction."  The "defect" noted in Section 1447(c) refers to the failure to follow statutory removal procedures, typically a lack of compliance with either the filing requirements set forth in Section 1446(a) or the timeliness requirements set forth in Section 1446(b). Id. Where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court, as a court of limited jurisdiction, cannot disregard an evident procedural defect, regardless of the triviality or inadvertent nature of the defect.

Beard, 458 F.Supp.2d at 1317-1318 (citations omitted).

In addition, the undersigned finds that the removing defendants have not demonstrated either that Hawker Financial is a nominal or formal party or that service on Hawker was legally inadequate.  To prove that a defendant is a nominal party, the removing defendants must show

---

state court against twenty-three insurers, two of whom timely removed the case to federal court. The plaintiff sought remand on the grounds that a service of suit clause in the contract invalidated one of the defendant's consent to removal. The district court, interpreting the clause, granted the plaintiff's motion to remand pursuant to § 1447(c) for want of unanimous consent to removal.  On appeal the Eleventh Circuit concluded that the remand order was actually based on the district court's interpretation of the service of suit clause, a contractual provision "outside of the removal process." 264 F.3d at 1044.

that there is no possibility that the plaintiffs would be able to establish a cause of action against that defendant in state court.  Farias v. Bexar County Bd. of Trustees, 925 F.2d 866, 871 (5th Cir.1991).  The removing defendants claim that, because Hawker has been dissolved, it can not be named as a defendant in the action, and alternatively that service on Hawker must be perfected by service on the individuals who served as its directors rather than on the registered agent for the defunct company.  However, the removing defendants do not prove either contention under the applicable state law, offering no authority for their position with applying the law of Hawker's state of incorporation.

In general, the dissolution of a corporation does not necessarily make suit against it improper.  The Code of Maryland, §3-408(b), provides that, after dissolution, "[t]he corporation continues to exist for the purpose of paying, satisfying, and discharging any existing debts or obligations, collecting and distributing its assets, and doing all other acts required to liquidate and wind up its business."  Plaintiff also cites a Maryland statute which provides that the directors of a dissolved corporation can "sue and be sued in the name of the corporation."  *See also* Town of Moreau v. State Dept. of Environmental Conservation, 1997 WL 243258 (N.D.N.Y.) ("True, Abalene is a dissolved corporation. That does not affect Abalene's ability to sue and be sued, however. Consequently, Orkin's argument that Abalene was not required to join in the Notice of Removal because of its dissolution is unavailing."); Samples v. Conoco, Inc., 165 F.Supp.2d 1303, 1320 (N.D.Fla.,2001)[6]("All that is required is a real intention to obtain a

---

[6] Samples also cites the following cases: Storr Office Supply Div. v. Radar Bus. Sys., 832 F.Supp. 154, 157 (E.D.N.C.1993) (permitting a plaintiff to maintain an action in state court against a non-diverse, dissolved corporation); Delatte v. Zurich Ins. Co., 683 F.Supp. 1062, 1063-64 (M.D.La.1988) (same); Oliver v. Am. Motors Corp., 616 F.Supp. 714, 716-17 (E.D.Va.1985) (same); Nosonowitz v. Allegheny Beverage Corp., 463 F.Supp. 162, 164

judgment [as opposed to collect on judgment] against the non-diverse defendant as long as the potential for joint liability exists;" defunct corporation is not fraudulently joined.); Kachler v. Taylor, 849 F.Supp. 1503, 1514 (M.D.Ala.,1994) (recognizing possibility of suit against defunct corporation under Alabama Corporate Survival Statute, Ala.Code 1975 §10-2A-203).

Defendants alternatively argue that, though Maryland law holds that the directors may sue and be sued "in the name of the corporation", MD. CODE §3-410(c)(3), since the directors are allowed to do so, service must be directed to the directors, not the corporation. They present no authority for this point, and the statute's use of the phrase "in the name of the corporation" would seem to undercut their argument. However, the removing defendants offer no statutory or decisional authority for such a requirement in Maryland and defendant Hawker Financial has not challenged the sufficiency of service upon it. *See e.g.* Balogh, Osanm, Kramer, Dvorak, Genova & Traub v. Chevy's International, Inc., 1990 WL 74531 (S.D.N.Y.) ( "[d]issolution does not affect the corporation's amenability to service of process[ ]"). The undersigned finds no basis for holding that Hawker was not required to acquiesce in the removal of this case.

*Motion for Attorneys Fees*

In the Motion to Remand, plaintiffs also request an award of attorney's fees incurred through the improvident removal of this action from state court, pursuant to 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(c) authorizes the court to "require payment of just costs and any actual

---

(S.D.N.Y.1978) (same).
     The removing defendants cite Michigan Dept. of Transp. v. Allstate Painting and Contracting Co., 2009 WL 891702 (W.D.Mich.), for the proposition that consent to removal is not required of a defunct or dissolved corporation. That decision is distinguishable: the defunct corporation was not served, and the court applied Ohio law. Hawker Financial, according to the complaint, is alleged to have been a Maryland corporation and had been served at the time of removal, as addressed below.

9

expenses, including attorney fees, incurred as a result of the removal." Id.  However, the Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed .2d 547 (2005); *see also* Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329-32 (11th Cir.2006) (finding no abuse of discretion in district court's refusal to award costs and fees where removal was objectively reasonable and there were no unusual circumstances).

Based on the record before the court, the undersigned concludes that Plaintiffs' removal of this action to federal court was objectively reasonable.  Accordingly, it is RECOMMENDED that the motion for attorneys fees be DENIED.

## Conclusion

Accordingly, for the reasons set forth above, it is hereby RECOMMENDED that plaintiffs' Motion to Remand be GRANTED, and that this action be REMANDED to the Circuit Court of Mobile County, Alabama.  It is further RECOMMENDED that plaintiffs' motion for attorney's fees be DENIED.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE and ORDERED this the 20th day of November, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

11